```
                    UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF NEW MEXICO
```

In re:
RAYMOND FAJARDO,
fdba AutoSource, Inc.,
fdba Thrifty Car Sales, and
DARA LYNNE FAJARDO,
dba Dara's Upholstery,
    Debtors.                                                   No. 7-06-11239 SR

**MEMORANDUM OPINION ON DEBTORS'**
**OBJECTION TO PROOF OF CLAIM OF GENTRY**

     This matter is before the Court on the Debtors' Objection to Proof of Claim of Gentry (doc 45), Gentry's Response (doc 48) with Supporting Exhibits (doc 49), Debtors' Brief (doc 54) and Gentry's Response Brief (doc 55). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) and (B).

     The basic facts are not disputed, and are taken from the case record. Debtors filed their Chapter 7 petition on July 24, 2006. The first meeting of creditors was scheduled for September 26, 2006 and the deadlines for filing complaints objecting to discharge or dischargeability was November 27, 2006. See doc 2. Gentry was not listed as a creditor. See doc 11. On October 2, 2006 the Chapter 7 Trustee filed a Report of Assets which resulted in the Clerk's sending a Notice of Possible Dividend to all listed creditors setting a deadline of 90 days after October 12, 2006 for non-governmental creditors to file proofs of claim (doc 21). Debtors received their discharge on January 17, 2007 (doc 33). Trustee filed his Final Account and Trustee's Application for Compensation on December 11, 2007 (doc 40). The

Court approved the Final Report on April 11, 2008 (doc 42). The Order approving the Final Report was not appealed.

Sometime before May 29, 2008, Gentry filed a lawsuit in state court against Ray Fajardo and Thrifty Car Sales, Inc. On May 29, 2008, Debtors' attorney wrote a letter to Gentry's attorney informing him of the bankruptcy discharge and requesting that Mr. Fajardo be dismissed from the case. Doc 49. On June 4, Gentry's attorney responded 1) that he would not dismiss Mr. Fajardo, 2) that Gentry had no notice of the bankruptcy filing and 3) that Gentry claims that Mr. Fajardo defrauded him. Id.

On June 23, 2008 Debtors added Gentry to their unsecured creditor Schedule F and sent notice of the bankruptcy (doc 44). On the same date they filed a proof of claim on Gentry's behalf (claim 26) and an Objection to Gentry's claim (doc 45). The objection to the proof of claim alleges that 1) Gentry was not listed as a creditor because Debtors were unaware he would attempt to hold them liable for their business' debt, 2) Debtors have no personal obligation for this debt, and 3) Gentry had actual knowledge of the bankruptcy case yet failed to pursue his claim.

Gentry responded to the objection (doc 48) claiming that the proof of claim was untimely filed, the trustee has already distributed all assets, that Gentry lacked notice of the bankruptcy, that the debt is nondischargeable under 11 U.S.C. §

523(a)(3), and that objecting to a proof of claim cannot be used as a mechanism to determine the dischargeability of a debt.

**DISCUSSION**

As discussed below, the Court finds that the objection to the proof of claim should be denied as moot. Alternatively, the Court abstains from hearing the claims objection.

**MOOTNESS**

> Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. <u>Deakins v. Monaghan</u>, 484 U.S. 193, 199, 108 S.Ct. 523, 528, 98 L.Ed.2d 529 (1988); <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975). To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision, <u>Allen v. Wright</u>, 468 U.S. 737, 750-751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984); <u>Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.</u>, 454 U.S. 464, 471-473, 102 S.Ct. 752, 757-59, 70 L.Ed.2d 700 (1982). Article III denies federal courts the power "to decide questions that cannot affect the rights of litigants in the case before them," <u>North Carolina v. Rice</u>, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971), and confines them to resolving " 'real and substantial controvers [ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' " <u>Ibid.</u> (quoting <u>Aetna Life Insurance Co. v. Haworth</u>, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937)). This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. To sustain our jurisdiction in the present case, it is not enough that a dispute was very much alive when suit was filed, or when review was obtained in the Court of Appeals. <u>Deakins</u>, <u>supra</u>, 484 U.S., at 199, 108 S.Ct., at 528; <u>Steffel v. Thompson</u>, 415 U.S. 452, 459, n. 10, 94 S.Ct. 1209, 1216, n. 10, 39 L.Ed.2d 505 (1974). The parties must continue to have a " 'personal stake in

>     the outcome' " of the lawsuit, <u>Los Angeles v. Lyons</u>,
>     461 U.S. 95, 101, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675
>     (1983) (<u>quoting</u> <u>Baker v. Carr</u>, 369 U.S. 186, 204, 82
>     S.Ct. 691, 703, 7 L.Ed.2d 663 (1962)).

<u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477-78 (1990).

In this case, the proof of claim cannot accomplish anything. The funds are gone. Similarly, it does not matter whether the objection to the proof of claim is sustained or overruled. Either way, no distribution can be made to Gentry from the estate. There is no case or controversy before the Court. The Court cannot fashion any relief for the Debtors. The objection to the proof of claim will be denied as moot. <u>See also</u> <u>Church of Scientology of California v. United States</u>, 506 U.S. 9, 12 (1992) ("It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'")(<u>quoting</u> <u>Mill v. Green</u>, 159 U.S. 651 (1895).)

**<u>ABSTENTION</u>**

Alternatively, the Court will abstain. The real issue in this case is the dischargeability of Gentry's alleged debt, not whether the proof of claim should stand. Section 523(a)(3)[1]

---

[1]Section 523(a)(3) states:
(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–...
(3)neither listed nor scheduled under section 521(1) of this
(continued...)

Case 06-11239-s7    Doc 57    Filed 04/15/09    Entered 04/15/09 11:09:20 Page 4 of 10

makes a known unscheduled debt nondischargeable in cases where deadlines have been set for filing proofs of claim unless the creditor had actual knowledge of the case. See <u>Dawson v. Unruh (In re Dawson)</u>, 209 B.R. 246, 250 (10th Cir. BAP 1997); <u>Schleuter v. State Farm Mutual Ins. Co. (In re Schleuter)</u>, 391 B.R. 112, 116 (10th Cir. BAP 2008).

Dischargeability complaints under section 523(a)(2) "arise under" title 11. <u>Lang v. Lang (In re Lang)</u>, 293 B.R. 501, 520 (10th Cir. BAP 2003)(Bohanan, J., concurring and dissenting). The general rule is that the Bankruptcy Court and state court have concurrent jurisdiction over § 523(a) dischargeability proceedings. <u>Fidelity Nat'l Title Ins. Co. v. Franklin (In re</u>

---

[1](...continued)
title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit--

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

Franklin), 179 B.R. 913, 920 (Bankr. E.D. Cal. 1995). See 28 U.S.C. § 1334(b), which provides:

> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

There is an exception to the general rule of shared jurisdiction found in Section 523(c). Section 523(c)(1) states:

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

Under this section, debts incurred by fraud, defalcation by a fiduciary, embezzlement, larceny, or willful and malicious injury are under the sole jurisdiction of the Bankruptcy Court, "[e]xcept as provided in subsection (a)(3)(B)." This phrase creates an exception to the exception, that is, unscheduled creditors holding any of those tort claims may pursue their claims in either state or bankruptcy court. See Franklin, 179 B.R. at 924 ("Jurisdiction over section 523(a)(3) actions, however, is concurrent state and federal jurisdiction pursuant to section 1334(b), rather than the exclusive federal jurisdiction prescribed by section 523(c).")

Page -6-

Case 06-11239-s7    Doc 57    Filed 04/15/09    Entered 04/15/09 11:09:20 Page 6 of 10

Debtors characterize Gentry's claim as a garden variety commercial claim against their former business for which they are not personally liable. Gentry claims that Mr. Fajardo defrauded him. Whichever turns out to be a more correct characterization, at this point the debt is a section 523(a)(3) claim over which either the Bankruptcy Court or the state court has jurisdiction.

Abstention is governed by 28 U.S.C. § 1334(c), which provides in part:

> (c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

When applying 28 U.S.C. § 1334(c)(1), also called "permissive abstention[2]," Courts examine various factors. See, e.g., Republic Reader's Service, Inc. v. Magazine Service Bureau, Inc. (In re Republic Reader's Service, Inc.), 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987):

> In summary, there are numerous factors I will look to and balance in deciding whether to recommend abstention including the following: (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other

---

[2] "Mandatory abstention" is governed by 28 U.S.C. § 1334(c)(2), but does not apply to "proceedings arising under" Title 11. Therefore it is not relevant to this case.

nonbankruptcy court, (5) the jurisdictional basis, if
any, other than 28 U.S.C. § 1334, (6) the degree of
relatedness or remoteness of the proceeding to the main
bankruptcy case, (7) the substance rather than form of
an asserted "core" proceeding, (8) the feasibility of
severing state law claims from core bankruptcy matters
to allow judgments to be entered in state court with
enforcement left to the bankruptcy court, (9) the
burden of my docket, (10) the likelihood that the
commencement of the proceeding in bankruptcy court
involves forum shopping by one of the parties, (11) the
existence of a right to a jury trial, and (12) the
presence in the proceeding of nondebtor parties.

Considering these factors, the overall balance favors abstention from deciding the proof of claim issue.[3]

First, there would be no impact on administration of the estate because the assets have been distributed and the case is only awaiting the Trustee's final report to close. This factor favors abstention.

Second, state law issues predominate over bankruptcy law issues. As mentioned in footnote 3, the state lawsuit would answer two fact questions and one question of state law. There are no particular bankruptcy issues. This factor favors abstention.

Third, there is no difficult state law question. This factor is neutral.

---

[3]The Court could not decide the issue in the present form. The Debtors would have to bring an adversary proceeding declaratory judgment action that either 1) they were not liable for the debt (a state law legal question), or 2) the debt was dischargeable because they did not know about it or Gentry did know of the bankruptcy (a purely factual question). See Schleuter, 391 B.R. at 117.

Page -8-

Fourth, there is a related case pending in state court. To bring a parallel action in Bankruptcy Court would be a waste of resources, both the Court's and the parties'. This strongly favors abstention.

Fifth, there is no basis for federal jurisdiction other than the fact that the Debtors are in bankruptcy. This factor strongly favors abstention.

Sixth, this state court case is unrelated to the bankruptcy case's assets, which have been distributed. On the other hand, it is remotely related in the sense that it will deprive Debtors or a portion of their discharge. This factor cuts both ways.

Seventh, the substance of what is at issue is the Debtors' discharge, which is a core proceeding and favors retention of the case.

Eighth, it would not be feasible to sever the state law causes of action. This would result in an open adversary proceeding awaiting the outcome of a state court case in which the bankruptcy issues could be easily applied. This would be a waste of Bankruptcy Court resources, and therefore favors abstention.

Ninth, this litigation would not burden the docket. This factor is favors retention.

Tenth, it is likely that the Debtors are forum shopping, but not in an illegitimate way. Both courts have equal jurisdiction. This factor is neutral.

Eleventh, the Court is unaware if a jury was requested by any party in the state court action. This factor is neutral.

Twelfth, there is another defendant in the proceeding over which the Bankruptcy Court probably lacks jurisdiction. This strongly favors abstention.

In sum, the balance of the factors favor abstention. The Court will decline to decide the claim objection and not invite Debtors to initiate an adversary proceeding.

/s/ James S. Starzynski
Honorable James S. Starzynski
United States Bankruptcy Judge

Date entered on docket: April 15, 2009

Copies to:

R Trey Arvizu, III
PO Box 1479
Las Cruces, NM 88004-1479

Daniel J Behles
Cuddy & McCarthy, LLP
7770 Jefferson NE, Suite 305
Albuquerque, NM 87109

Clarke Coll
Trustee
PO Box 550
Roswell, NM 88202-0550

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

Page -10-

Case 06-11239-s7    Doc 57    Filed 04/15/09    Entered 04/15/09 11:09:20 Page 10 of 10